UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALONZO DONTIARIUM POUGHT,

      *Petitioner*,

v.

UNITED STATES OF AMERICA,

      *Respondent*.
_____/

CRIMINAL CASE NO. 11-CR-20449
CIVIL CASE NO. 13-CV-12326

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 39)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to vacate be **DENIED**.

**II.    REPORT**

    **A.     Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Alonzo Dontiarium Pought ("Pought"). The Court has not ordered the government to respond because it finds, for the reasons explained below, that Pought's motion does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Pought was charged in a two-count indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(2), on or about March 9, 2011, and with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 3.)

On October 18, 2011, a Notice of Penalty Enhancement was filed, noting Pought's previous convictions in Saginaw County Circuit Court for delivering or manufacturing marijuana on June 13, 2007 (case number 07-004790-FY), and for delivering less than 50 grams of cocaine, heroin, or other narcotic on November 13, 2008 (case number 08-031163-FH). (Doc.15.)

On March 22, 2012, Pought pleaded guilty to Count 1 and Count 2 was dismissed, pursuant to a Rule 11 plea agreement. (Doc. 31.) The agreement provided that Pought's sentence would not exceed 211 months, which was the mid-point of the agreed upon sentencing guideline range of 188 to 235 months. (Doc. 31 at 5.) On September 27, 2012, the Court sentenced Pought to a term of imprisonment of 188 months, to be served concurrently to his state court sentence, and the judgment entered on October 2, 2012, contained a recommendation that Pought "be designated to an institution with a comprehensive drug treatment program." (Doc. 38.)

Pought did not appeal his conviction or sentence. Instead, Pought filed the instant motion to vacate his sentence on May 22, 2013. (Doc. 39.) In the motion, Pought contends that: (1) counsel was ineffective when he failed to object to the non-specific drug amount in the indictment; (2) counsel was ineffective when he failed to object to Pought being sentenced as a career offender; and (3) counsel was ineffective when he failed to object to "actual innocence of career offender enhancement because prior convictions were consolidate[d] per order by the State Court." (Doc. 39 at 4-7.)

**C.     Analysis and Conclusions**

**1.     Waiver**

I suggest that Pought waived his right to challenge the instant sentence. The appellate waiver in Pought's Rule 11 plea agreement states as follows:

> (1) If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence on any grounds. . . .
> (2) Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(Doc. 31 at 9.)

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Therefore, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) ("plea agreement waivers of § 2255 rights are generally enforceable"). However, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d

at 422. Nevertheless, "[e]nforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits, too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate waiver will be enforced. *Id.*

Here, Pought does not even argue that his plea was not knowing and voluntary. I therefore suggest that since Pought has not argued that the plea was not knowing or voluntary, the appellate waiver, which included a waiver of collateral attacks such as the instant § 2255 motion to vacate, should be enforced. I therefore suggest that the motion to vacate be denied.

**2. Assistance of Counsel**

Alternatively, I suggest that counsel was not ineffective for failing to challenge the non-specific drug amount in the indictment or Pought's status as a career offender. (Doc. 39 at 4-7.) I first note that these assertions are different from asserting that the plea "was the product of ineffective assistance of counsel," such that the court should inquire into the effectiveness of counsel before enforcing the appellate waiver. *See Acosta*, 480 F.3d at 422.

I further suggest that the career offender assertions relate to post-plea sentencing issues, where any ineffectiveness would not have affected the validity of the plea and its attendant appellate waiver. *See United States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) & No. 09-7091 (civ), 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010) (relief should be barred where the plea agreement was entered into knowingly and voluntarily because, "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement"); *accord United States v. Baxter*, No.

10-1-DLB-JGW-2 (crim) & No. 12-7231-DLB (civ), 2013 WL 177751, at *3 (E.D. Ky., Jan. 15, 2013) (where ineffective assistance claim does not challenge the validity, i.e., knowing and voluntary nature, of the plea, appellate waiver precludes review of § 2255 petition).

I therefore suggest that Pought has not asserted any claim of ineffective assistance of counsel that would entitle him to avoid the knowing and voluntary appellate waiver discussed above. I further suggest that even if the merits of his claim are addressed, the result would be the same.

### a.   Standards

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### b. Application

Pought's first argument is that counsel was ineffective when he failed to object to the non-specific drug amount in the indictment. (Doc. 39 at 4.) Pought does not challenge the quantity used to calculate his sentencing guideline range but rather argues that the holding in *Apprendi*[1] and his Sixth Amendment rights were violated because the indictment did not charge a specific amount of cocaine. (Doc. 39 at 21.) In *United States v. Love*, 289 F. App'x 889, 891 (6th Cir. 2008), the

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

6

Sixth Circuit followed the Supreme Court in *Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002), which "held that juries need only determine the 'outer limits' of a sentence, leaving the court free to make factual determinations that increase the sentence within the jury-authorized range." *Love*, 289 F. App'x at 891. *Harris* declined to extend the *Apprendi* rationale to facts that increase the mandatory minimum end of that range.

Recently, in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, ___ L. Ed. 2d ___ (June 17, 2013), the Supreme Court overruled *Harris* and held that

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. . . . Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* at 2155 (citation omitted). In *Alleyne*, as in *Harris*, the judge, rather than the jury, had determined that the defendant had brandished a firearm, and that finding increased the defendant's mandatory minimum sentence from five years to seven years.

In the instant case, Pought was subject to a statutory maximum of 20 years for distribution of an unspecified amount of cocaine, 21 U.S.C. § 841(b)(1)(C), which was enhanced to a maximum of 30 years based on his being a career offender. (Doc. 8.) The acknowledgment of indictment signed by Pought did not mention any mandatory minimum sentence and Pought was not sentenced pursuant to any mandatory minimum. (Doc. 8; Doc. 31.) Instead, quantity (at least 25 grams but less than 50 grams) was used only to calculate the applicable guideline range. (Doc. 31 at 14.) Since quantity was used only to inform the judge of facts used to impose a judgment within the range prescribed by statute, quantity was not an element that required fact-finding by a jury. *Alleyne*, 133 S. Ct. at 2163; *United States v. Smith*, 437 F. App'x 110, 113 (3rd Cir. 2011).

7

Therefore, Pought's 188-month sentence did not run afoul of *Apprendi* not did it violate Pought's Sixth Amendment rights. Since there was no basis for an objection, I suggest that counsel was not ineffective for failing to lodge the objection.

Pought's second and third arguments are that counsel was ineffective when he failed to object to Pought being sentenced as a career offender, especially where Pought was innocent of the career offender enhancement since two of the prior convictions used to enhance "were consolidate[d] per order by the State Court." (Doc. 39 at 6-7.) Pought attaches "Appendix B," the dockets from these cases, to support his assertion that the two Saginaw County convictions used to establish his career offender status were consolidated and therefore should only be treated as one conviction.[2] (Doc. 39 at 32, 33.) Neither docket mentions anything about consolidation, but one mentions a substitution or reassignment of judges. (*Id.*) Even if there were some indication of consolidation of these cases, however, the two convictions used to establish Pought as a career offender did not include case number 08-31243-FH. The two cases cited in the notice of penalty enhancement were case number 07-004790-FY and case number 08-031163-FH. (Doc. 15.) Therefore, even if there had been a consolidation of cases 08-021243 and 08-031163 such that these two cases should be considered as one, the additional case number 07-004790 stated in the notice of enhancement would provide an independent second conviction supporting the notice. I therefore suggest that Pought's claim regarding consolidation is completely vitiated by the record he cites. I therefore suggest that counsel was not ineffective for failing to raise this unsupported argument.

---

[2] The two pages consist of two Saginaw County dockets for case numbers 08-031243-FH and 08-031163-FH. The docket for case number 08-031243 notes a pending case number 08-031163 and the docket for case number 08-031163 notes a pending case 08-030699-FH. (Doc. 39 at 32, 33.)

8

Since Pought has not averred sufficient allegations that counsel was deficient or that the result of the proceeding is unreliable, *see Strickland, supra*, I suggest that Pought's motion to vacate should be dismissed.

Finally, even if Pought could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Pought does not even allege that he would have decided to go to trial absent counsel's advice or lack thereof. He merely asserts, at most, that his sentence should have been different. In addition, the record shows that Pought was aware of the applicable sentencing guideline range and was sentenced at the lowest possible end of that range even though the Rule 11 agreement capped the sentence at the mid-point of the range. (Docs. 8, 15, 31, 38.) I therefore suggest that Pought is unable to show prejudice and that his motion should be denied.

### 3. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the

habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Pought has not alleged any grounds for relief, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Pought is not entitled to a hearing on the allegations raised in his motion.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the

objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

|  |  |
|---|---|
|  | s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗 |
|  | CHARLES E. BINDER |
| Dated: July 3, 2013 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date; electronically served on Anca Pop, Libby Dill and David Koelzer; served by first class mail on Alonzo Dontiarium Pought, #46088-039, FCI Gilmer, P.O. Box 6000, Glenville, WV, 26351; and served in the traditional manner on District Judge Ludington.

|  |  |
|---|---|
| Date: July 3, 2013 | s/*Jean L. Broucek* |
|  | Case Manager to Magistrate Judge Binder |