UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff/Respondent,            Case No. 11-cr-20449

v.                                          Honorable Thomas L. Ludington

ALONZO D. POUGHT,

                        Defendant/Petitioner.

_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, DENYING AND DISMISSING WITH PREJUDICE MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255, DENYING MOTION FOR TRANSCRIPTS, DENYING MOTION TO AMEND, DENYING MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2241, DENYING MOTIONS TO APPOINT COUNSEL, DENYING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Alonzo Pought objects to Magistrate Judge Binder's conclusion that his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 should be denied. *See* Pet'r's Objs., ECF No. 51. Pought was sentenced to 188 months' imprisonment on September 27, 2012 and Judgment was entered on October 2, 2012. *See* September 27, 2012 Minute Entry: Sentencing & October 2, 2012 Judgment, ECF No. 38. Pought did not appeal. He timely filed a motion to vacate his judgment under § 2255 on May 22, 2013. *See* Pet'r's Mot. Vacate §2255, ECF No. 39. The motion was referred to Judge Binder for report and recommendation. *See* Order Referring Motion, ECF No. 45. Judge Binder issued a Report recommending that Pought's petition be dismissed. *See* Rep. & Rec., ECF No. 46. Pought timely objected.

During the pendency of Judge Binder's Report and Pought's objections, Pought filed six new motions on the docket. *See* Pet'r's Mot. for Transcripts, ECF No. 55; Pet'r's Mot. to Amend, ECF No. 56; Pet'r's Mot. to Appoint Counsel, ECF No. 57; Pet'r's Mot. for Retroactive Application of Sentencing Guidelines, ECF No. 58; Pet'r's Mot. to Correct Sentence under § 2241, ECF No. 60; Pet'r's Mot. to Appoint Counsel, ECF No. 61. All of those motions will be considered along with his objections to Judge Binder's Report. Neither Pought's objections nor any of his other motions have merit. Pought's petition for a writ of habeas corpus under 28 U.S.C. § 2255 will be denied and dismissed with prejudice. All of his subsequent motions will also be denied.

## I.

Alonzo Pought is a federal inmate serving 188 months' imprisonment for an October 2, 2012 conviction for possession of cocaine with an intent to distribute pursuant to 21 U.S.C. § 841(a)(1). Pought is currently incarcerated at Gilmer Federal Correctional Institution in Glenville, West Virginia.

## A.

On March 9, 2011, law enforcement officers, pursuant to a warrant, conducted a search of Pought's residence in Saginaw, Michigan. Upon entering Pought's residence, the officers discovered him packaging cocaine for distribution. Pought was found with plastic bags containing cocaine, a scale, and other drug paraphernalia. A Glock 9mm semi-automatic handgun was also uncovered during the search of Pought's residence. Pought admitted to the officers that he had been selling cocaine for at least the last two months. He also admitted to selling marijuana for an unspecified longer period.

During the search, the officers also learned that Pought maintained a storage unit. The officers obtained a warrant to search the unit and, upon executing the warrant, found a Norinco semi-automatic rifle.

Pought was indicted by a grand jury on March 23, 2012 on one count of possessing cocaine with an intent to distribute and one count of being a felon in possession of a firearm.

**B.**

Pought has a fairly extensive history with the criminal justice system. He has at least three felony convictions for drug-related offenses. On April 9, 2005, Pought was arrested after being pulled over for driving with expired plates and found to have a suspended license. When the arresting officers searched Pought's vehicle, they discovered marijuana, cocaine, and a firearm. Pought eventually pled guilty in Saginaw County Circuit Court to carrying a concealed weapon, manufacturing and delivering marijuana, and possessing under 25 grams of narcotics. Three additional counts were dismissed as part of Pought's plea agreement. The Saginaw County Circuit Court sentenced Pought to 210 days in custody and 36 months' probation. The case number assigned to this conviction was 05-026039-FH.

On February 14, 2007, law enforcement officers stopped a vehicle Pought was driving for defective taillights and failure to signal. Pought was intoxicated. Next to him on the passenger seat was half a bottle of liquor. Pought admitted to the officers that he drank some alcohol before leaving his apartment. He further consented to having his apartment searched. Law enforcement officers conducting the search found marijuana in his apartment. Pought pled guilty to manufacturing and delivering marijuana and to a habitual offender enhancement. As part of his plea deal the state dismissed a count related to having an open container in a motor vehicle. The

Saginaw County Circuit Court sentenced Pought to 23 months to 8 years in custody. The case number assigned to this conviction was 08-031243-FH.

On June 1, 2008, Saginaw City police officers responded to a complaint about loud music in a Saginaw parking lot. Upon arriving on the scene, the officers found Pought in a motor vehicle. Pought did not initially exit the vehicle as instructed. He was arrested for a misdemeanor noise violation and the officers found a bag of marijuana on his person when searching him. The officers secured a search warrant for Pought's residence and, upon executing the warrant, discovered multiple bags of marijuana, a firearm, cocaine, and various pills. Pought pled guilty in Saginaw County Circuit Court to delivering under 50 grams of cocaine and to a second controlled substance offense. The Saginaw County Circuit Court sentenced Pought to 23 months to 40 years in custody. Pought was sentenced for this offense and the February 14, 2007 offense on the same day and the sentences were set to run concurrently. The case number assigned to this conviction was 08-031163-FH.

Pought was paroled for the latter two convictions on June 2, 2009. His parole was not revoked when he was arrested for a later offense of marijuana possession. His parole was revoked after being arrested for the offense underlying his federal conviction.

### C.

After being indicted Pought was appointed an attorney by the Court. Attorney David Koelzer of the Federal Defenders Office was appointed to represent Pought. During the pendency of his criminal case Pought attempted to personally file certain papers on the docket, but they were denied because Pought was represented by counsel. *See* Order Denying Pro Se Motions, ECF No. 30. The same day Pought's motions were denied he pled guilty to Count 1 of the indictment that charged him with possession of cocaine with the intent to distribute under

- 4 -

21 U.S.C. §841(a)(1). As part of the plea agreement, the Government agreed to dismiss Count 2 of the indictment, which charged Pought with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The plea agreement calculated Pought's Guidelines range to be 188 to 235 months' imprisonment. *See* Rule 11 Plea Agreement 3, ECF No. 31.

The Probation Department timely prepared a presentence investigation report in advance of sentencing. The presentence investigation report concluded that Pought was a career offender and calculated his Guidelines range to be 188 to 235 months' imprisonment. Neither Pought nor the Government objected to the findings of the presentence report. On September 27, 2015, Pought was sentenced to 188 months' imprisonment. *See* September 27, 2012 Minute Entry: Sentencing. Judgment was entered on October 2, 2012. *See* J., ECF No. 38. Pought did not appeal.

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a

report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

## B.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the familiar *Strickland* standard by demonstrating that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court must "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged conduct might be considered sound . . . strategy." *Id.* at 689. In assessing deficient performance, "reviewing courts must take care to avoid 'second-guessing' strategic decisions that failed to bear fruit." *Lundgren v. Mitchell*, 440 F.3d 754, 769–70 (6th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689). And, importantly, even if a petitioner shows counsel's performance was deficient, he must then demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

When attacking the performance of trial counsel, a petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Sanders v. Curtin*, No. 11-1712, 2013 WL 3214962, at *12 (6th Cir. June 26, 2013) (quoting *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002)). In other words, this Court "should look to whether the seriousness of counsel's errors deprived the defendant of a fair trial." *Sanders*, No. 11-1712, 2013 WL 3214962, at *12 (citing *Kinnard*,

313 F.3d at 935). "A court is free to 'dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,' as opposed to first determining whether counsel's performance was deficient." *Sanders*, No. 11-1712, 2013 WL 3214962, at *12 (quoting *Strickland*, 466 U.S. at 697).

### III.

### A.

The first portion of the report and recommendation that is relevant to Pought's motion for habeas relief is the appeal waiver in his Rule 11 plea agreement. ECF No. 31 at ¶ 7. Part 7 of Pought's Rule 11 plea agreement, entitled "Appeal Waiver" states:

> (2) Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255.

*Id*. Pought now attacks his plea and sentence through a motion under 28 U.S.C. § 2255. A waiver of the ability to collaterally attack a sentence and conviction is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Magistrate Judge Binder, in his report and recommendation, recommends that Pought, by agreeing to this waiver provision, is precluded from pursuing the substantive claims in his § 2255 motion. ECF No. 46 at 3-4. Judge Binder writes that "Pought does not even argue that his plea was not knowing and voluntary. I therefore suggest . . . the appellate waiver, which included a waiver of collateral attacks . . . should be enforced." *Id*. at 4.

In Pought's initial motion to vacate, however, he argues:

> The Government cannot argue that Mr. Pought waived this claim because he plead [sic] out, due to the fact that he [sic] plea of guilt [sic] was not done voluntarily, knowingly, and intelligently, when counsel failed to communicate the facts surrounding the nature of the indictment as to the quantity.

- 7 -

ECF No. 39 at 22.[1] A formulaic recitation that the defendant did not knowingly or voluntarily agree to the waiver will not suffice, however. None of Pought's claims relate to whether he knowingly and voluntarily entered the plea agreement. Instead, he makes claims about actions that his counsel should have taken both prior to when he entered the agreement and at sentencing. These claims are barred by the collateral attack waiver. *See, e.g.*, *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996) (holding that a waiver of the ability to attack sentencing determinations is binding and enforceable). The failure to articulate a basis on which the validity of the plea can be questioned is insufficient to challenge the waiver. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Thus, the waiver in Pought's plea agreement bars his attempt to collaterally attack his sentence through a § 2255 motion. *See Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).

Pought did not specifically object to Judge Binder's recommendation that all of his claims are waived but instead restated each of the claims for relief initially pled in his § 2255 motion. But even construing the breadth of Pought's objections as an objection to Judge Binder's recommendation that he waived the ability to assert these claims, his claims would still be waived. As stated above, no ground can be found on the face of Pought's motion, or reasonably inferred from his claims, that would raise questions about the knowing and willing nature of his plea. Judge Binder's report and recommendation will be adopted and Pought's objections overruled.

**B.**

Because Pought attacks the voluntariness of the appeal waiver, it does not serve as a bar to the claim that his counsel was ineffective in advising him to enter into the plea agreement.

---

[1] Citations to Pought's § 2255 motion are to the page identification number.

Before considering Pought's ineffective assistance claim, however, Pought must show that his plea was not entered into knowingly and voluntarily. As noted above, Pought does not claim with sufficient specificity how his plea was not knowing and voluntary. Assuming, however, that he can sufficiently state a challenge to the knowing and voluntary nature of his plea, that claim does not succeed.

A plea colloquy that complies with Federal Rule of Criminal Procedure 11(b)(1)(N) is sufficient to establish that the plea was entered into knowingly and voluntarily. *See United States v. Sharp*, 442 F.3d 946, 950 (6th Cir. 2006); *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006). Furthermore, "a trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea." *United States v. Brummett*, No. 6:12-7200-DCR, 2013 WL 5798013, at *8 (E.D. Ky. Oct. 28, 2013) (citing *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)).

> Rule 11 of the Federal Rules of Criminal Procedure requires that a district court verify that a defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, and the consequences of the guilty plea. The court must also determine that there is a factual basis to support the conclusion that the defendant committed the crime charged.

*Brummett*, 2013 WL 5798013, at *8 (citing *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988).

Pought's plea colloquy complied in all respects with Rule 11. Pought's plea was taken on March 22, 2012. During the plea hearing, the Court informed Pought of the charges he was facing, his possible term of imprisonment if he was tried and convicted compared to if he pleaded guilty, and the constitutional rights he was waiving by pleading guilty. The Court also established the factual basis supporting Pought's conviction through direct questioning. Pought was also made aware of his appeal and collateral attack waiver through information provided by

the government. Furthermore, Pought was questioned about whether he was entering the plea voluntarily, whether he was promised anything other than what was contained in the agreement, and whether he was responsible for the offense. Pought indicated that the plea was voluntary, he understood its terms as written, and that he was responsible for the offense charged. Pought's plea was entered voluntarily and in conformity with Federal Rule of Criminal Procedure 11. His claim that his plea was entered involuntarily is meritless.

## C.

In the alternative, however, if Pought's claims regarding his plea were to be reformulated in a manner that could conceivably be said to attack the knowingness and voluntariness of his plea and his plea can be shown to be involuntary, his claims are still without merit.

Pought only states that his plea was made involuntarily and unknowingly as a result of his first claim of error: that his attorney did not move to dismiss the indictment because it contained a non-specified drug amount. ECF No. 39. Pought states in his petition that "[b]ut for counsel's deficient performance, Mr. Pought would not have plead [sic] guilty." *Id*. at 22. Pought's claim is, essentially, that his counsel was ineffective for failing to object to the non-specified drug quantity in his indictment. Were his counsel to have objected, either by filing a motion to dismiss the indictment or informing Pought that the law requires an indictment to specify the quantity of drugs charged, Pought would not have pled guilty.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the familiar *Strickland* standard by demonstrating that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court must "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged conduct might be considered sound . . . strategy." *Id*. at 689. In assessing deficient performance, "reviewing courts must take care to avoid 'second-guessing' strategic decisions that failed to bear fruit." *Lundgren v. Mitchell*, 440 F.3d 754, 769–70 (6th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689). And, importantly, even if a petitioner shows counsel's performance was deficient, he must then demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

When attacking the performance of trial counsel, a petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Sanders v. Curtin*, No. 11-1712, 2013 WL 3214962, at *12 (6th Cir. June 26, 2013) (quoting *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002)). In other words, this Court "should look to whether the seriousness of counsel's errors deprived the defendant of a fair trial." *Sanders*, No. 11-1712, 2013 WL 3214962, at *12 (citing *Kinnard*, 313 F.3d at 935). "A court is free to 'dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,' as opposed to first determining whether counsel's performance was deficient." *Sanders*, No. 11-1712, 2013 WL 3214962, at *12 (quoting *Strickland*, 466 U.S. at 697).

Pought's understanding of the law is incorrect. Pought relies heavily on *United States v. Thomas*, 274 F.3d 655 (2d. Cir. 2001). *Thomas* held quite explicitly that:

> After *Apprendi,* drug type and quantity are elements of the offense under 21 U.S.C. § 841 that must be charged in the indictment and submitted to the jury for its finding beyond a reasonable doubt. Even if a threshold drug quantity is not charged in the indictment or found by the jury, however, drug type and quantity

> may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by the jury.

*United States v. Thomas*, 274 F.3d 655, 673 (2d Cir. 2001). The Sixth Circuit has also adopted this reading of *Apprendi*. *See United States v. Calloway*, 89 F. App'x 982, 984 (6th Cir. 2004). Thus, an *Apprendi* violation would only result for an individual in Pought's circumstance where his sentence exceeded the statutory maximum.[2] Because Pought's actual sentence of 188 months in prison "fell well below the statutory maximum for the crime to which he pleaded guilty [(thirty years)], no *Apprendi* violation occurred." *United States v. Calloway*, 89 F. App'x 982, 985 (6th Cir. 2004); 21 U.S.C. § 841(b)(1)(C).

Contrary to Pought's contention, nothing in *Apprendi* supports the claim that his indictment would need to have been dismissed on a motion by his attorney or that an objection during sentencing would have altered the scoring of his sentencing range. Further, the Sixth Amendment is only violated at the sentencing stage when relevant conduct findings increase the sentence beyond what was established in the guilty plea. *United States v. Booker*, 543 U.S. 220, 232 (2005). Here, Pought's sentence also fell below the agreed upon limit of 211 months set forth in the guilty plea. *See* ECF No. 31 at 5. As a result, even if Pought's claim that counsel was ineffective in failing to inform him on the state of the law leading to his plea agreement could survive his waiver, it would not succeed on the merits. What Pought understands to be the law is not, in fact, the law. His counsel could not be ineffective for not advising him as to an incorrect theory. Pought's counsel was neither ineffective nor was Pought prejudiced by any possible error of his counsel.

---

[2]   For the sake of completeness it should also be noted that *Apprendi* does not apply to career offender determinations. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006).

**IV.**

Once again in the alternative, if Pought were able to somehow surmount the validity of his plea waiver and his claims were analyzed on their merits, they would not succeed. Pought makes three claims. First, his counsel was ineffective for not challenging the non-specified drug amount in Pought's indictment. Pought's second and third claims allege that his trial counsel was ineffective because he did not object to two issues related to his career offender enhancement: that it exceeded what would have been his sentence for a drug offense with an unspecified quantity, and that it was predicated on erroneous state felony information.

**A.**

As noted above, *see supra* § III.C, there was no basis on which Pought's attorney could have challenged the non-specific drug amount in his indictment. Pought's claim is without merit.

**B.**

Next, Pought claims that his counsel was ineffective for not challenging, again, the fact that there was an unspecified drug amount in his indictment. This objection, by contrast with the first, argues that Pought should have benefited from the rule of lenity and not been sentenced as a career offender and instead received a five year sentence based on a non-specified drug quantity. Since Pought's underlying claim regarding the lack of a specified drug amount in his indictment is meritless, *see supra* § III.C, all claims, such as this one, that flow from that argument are also meritless.

**C.**

Third, Pought argues that his counsel was ineffective for not objecting to his career offender enhancement that was based on two consolidated state court convictions. Pought argues that state case number 08-031243 and 08-031163 were consolidated and thus cannot serve as two

prior felony convictions for the purpose of a career offender enhancement. The Report points out that this argument is factually incorrect. The notice of enhancement filed by the Government explains that Saginaw County Circuit Court cases 07-004790 and 08-031163 are the prior felony convictions being relied upon. So even if Pought is correct as to the consolidation of cases 08-031243 and 08-031163 (and there is no evidence he is), the record does not support his claim. But, it appears from the Saginaw County Circuit Court docket and the presentence investigation report prepared in this case that it is the Government that is in error. There is no record of a conviction for Pought matching case number 07-004790. But despite this error by the Government, that does not mean Pought is not a career offender. Indeed, he is and he was appropriately sentenced.

Section 4B1.1 of the Sentencing Guidelines controls what individuals are classified as a "Career Offender." Subsection (a) reads:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(c) (2013). A "prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." *Id*. at § 4B1.2, Application Notes. Additionally:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

- 14 -

*Id*. at § 4B1.2(b).

Pought challenges the propriety of counting separately two of his prior felony convictions because they were "consolidated." The Guidelines instruct that felony convictions are distinct for the purposes of the Career Offender Guidelines if "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." *Id*. at § 4B1.2(c). Pought claims his convictions in case number 08-031243 and case number 08-031163 were consolidated and cannot be counted separately for purposes of career offender status. He is incorrect. The sentences for those two cases are properly counted separately under U.S.S.G. § 4A1.1(a). Under U.S.S.G. § 4A1.2(2), "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Pought was arrested for the conduct in case number 08-031243 prior to committing the offense in case number 08-031163. In such situations, the offenses are always counted separately, even if consolidated for sentencing.[3] The Report will be rejected to the extent it is inconsistent with this conclusion but Pought's petition will still be dismissed.

**V.**

Next, on May 2, 2014, Pought moved to be furnished transcripts of his "Pre-trial, Guilty Plea and Sentencing Hearing(s)." *See* Pet'r's Mot., ECF No. 55. Under 28 U.S.C. § 753,

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

---

[3]     It is also important to note that even if the offenses were somehow improperly counted separately, Pought has at least one other qualifying offense that would still classify him as a career offender. He stipulated to three prior felony drug offenses in his plea agreement. *See* Rule 11 Plea Agreement 3, ECF No. 31.

28 U.S.C. § 753(f). Pought is entitled to the transcripts he seeks if they would help resolve an issue in his petition and his petition is not frivolous.

Pought does not meet this standard. Pought essentially makes three claims in his motion for transcripts. First, his plea was not voluntary because his attorney was pressuring him to inform for the Government. Second, the Court miscalculated his sentence by applying a weapons enhancement, despite his weapon charge being dismissed. Third, his attorney was ineffective for not objecting to the weapon enhancement. None of these claims have merit. Furthermore, only the claim of intimidation by his counsel leading up to the plea agreement could form the basis for a transcript request. The other two issues do not form a part of Pought's petition and are raised for the first time in his motion for transcripts.

To the extent Pought raises new claims in his motion for transcripts; the motion is properly treated as a motion to amend his habeas petition. Amendments to § 2255 habeas petitions are governed by Federal Rule of Civil Procedure 15. *See* RULES GOVERNING SECTION 2254 AND 2255 CASES, Rule 12 (applying the Federal Rules of Civil Procedure to habeas proceedings). A court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

A motion to amend may also be denied if it is untimely. Claims seeking relief under 28 U.S.C. § 2255 are untimely if they are brought outside the AEDPA statute of limitations. The statute of limitations runs from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Since Pought alleges no facts entitling him to relief from the AEDPA statute of limitations under subsections (2), (3), or (4), the statute of limitations began running when his judgment of conviction became final. An unappealed judgment of conviction becomes final fourteen days after entry, when the time for appeal expires. *See* Fed. R. App. P. 4(b). Pought's judgment of conviction became final on October 16, 2012. *See* October 2, 2012 Judgment, No. 38.

Pought's motion was filed on May 2, 2014. *See* Pet'r's Mot. Transcripts, ECF No. 55. Thus, any new claims raised in Pought's motion to amend are untimely unless they relate back to his initial claims. *See* Fed. R. Civ. P. 15(c)(1)(B).[4] To show relation back, Pought's new claims must share a "common core of operative facts" with his original petition. *Mayle v. Felix*, 545 U.S. 644, 659 (2005). In order to share a common core of operative facts, the amended claim must do more than "relate to the same trial, conviction, or sentence as a timely filed claim[.]" *Id*.

---

[4]     An untimely motion to amend a habeas petition may also be granted if equitable tolling applies. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Pought does not contend that it does.

at 662. As noted, the two claims Pought makes in his motion concerning the weapon enhancement he received at sentencing do not relate back to the claims in his original petition. They are untimely. They will, in any event, be analyzed on the merits along with his intimidation claim. None of the claims in his motion for transcripts have merit to justify either the production of transcripts or amendment of Pought's petition.

### A.

Pought's first allegation in his motion is that his plea was not voluntary because his counsel intimidated him into taking a plea by repeatedly suggesting Pought become a Government informant. Nothing in the record supports this claim. As already explained above, *supra* § III.B, Pought's plea was knowing and voluntary. He confirmed as much on the record. Further, Pought does nothing to explain how repeated suggestions that he inform for the Government, something he did not do, resulted in him accepting a plea he otherwise would not have. The claim is baseless.

### B.

Pought next claims that his sentence was improperly calculated because the sentencing court misapplied the sentencing guidelines when arriving at his sentence. As an initial matter, it should be noted that "nonconstitutional errors ordinarily are not cognizable on collateral review." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). To raise a nonconstitutional error on collateral review requires a showing that "the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354, (1994) (internal quotation marks omitted). No such miscarriage of justice occurred here. Pought's only objection is that the Court enhanced his sentence by two points on the basis of U.S.S.G. § 2D1.1(b)(1) even though Count 2 of the indictment, charging him with being a felon

in possession of a firearm, was dismissed. The two are unrelated. The two-point enhancement under U.S.S.G. § 2D1.1(b)(1) asks only "[i]f a dangerous weapon (including a firearm) was possessed" during the commission of a drug trafficking offense. United States Sentencing Guidelines Manual § 2D1(b)(1). It does not depend on there being a distinct weapons charge in the indictment. Pought does not argue that he did not possess a firearm in the commission of his offense.[5]

Furthermore, Pought was still sentenced to 188 months' imprisonment, which was the low end of the Guidelines range and the low end of the Guidelines range as calculated by his plea agreement. A defendant may only appeal a sentence under four conditions, if the sentence:

(1)   was imposed in violation of law;

(2)   was imposed as a result of an incorrect application of the sentencing guidelines; or

(3)   is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) [1] than the maximum established in the guideline range; or

(4)   was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).[6] The application of the sentencing guidelines was correct and Pought was not given a sentence greater than the applicable guideline range. He does not contend that

---

[5]   Pought writes in his motion that "the 2-point base level increase designated him as a 'Armed Career Offender' pursuant to 18 U.S.C. §924(e) and USSG 4B1.4 in which places the Petitioner, statutorily, innocent." *See* Pet'r's Mot. 3, ECF No. 55 (sic throughout). It appears Pought claims he was sentenced as an armed career criminal. He was not. He was sentenced as a career offender. This argument is without foundation in the record.

[6]   This statute applies to direct appeals by defendants. Pought did not directly appeal his sentence, thus he has arguably waived these claims on collateral review. *Grant*, 72 F.3d at 506 ("The standard, then, appears to be that nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process."). Even if he could bring these claims on collateral review, the standard Pought must meet to succeed on a collateral challenge is far more stringent than on direct appeal under 18 U.S.C. § 3742(a). *See Reed v. Farley*, 512 U.S. 339, 353-54 (1994) (holding that even properly

- 19 -

subsections (1) or (4) apply to his sentence. Pought's claim concerning his weapon enhancement is also without merit.

## C.

Finally, in his motion for transcripts, Pought claims that his counsel was ineffective for not objecting to the weapon enhancement he received. As just explained, *supra* § V.B, the underlying claim is meritless. Pought's counsel could not have been ineffective for objecting to the enhancement because there was no basis to do so.

## VI.

During the pendency of the Report, Pought also filed a motion to amend his § 2255 petition. The standard for analyzing motions to amend filed by habeas petitioners is set out above. *See supra* § V. Pought's motion to amend was filed on September 2, 2014. *See* Pet'r's Mot. Amend, ECF No. 56. Thus, any new claims raised in Pought's motion to amend are untimely unless they relate back to his initial claims. *See* Fed. R. Civ. P. 15(c)(1)(B).[7] To repeat: for Pought to show that his new claims relate back, his new claims must share a "common core of operative facts" with his original petition. *Mayle v. Felix*, 545 U.S. 644, 659 (2005). In order to share a common core of operative facts, the amended claim must do more than "relate to the same trial, conviction, or sentence as a timely filed claim[.]" *Id*. at 662. The timeliness of Pought's claims will be individually analyzed and, as oft repeated throughout, so will the claims' merits.

## A.

---

preserved claims of nonconstitutional error must meet a "complete miscarriage of justice" standard on collateral review).

[7] An untimely motion to amend a habeas petition may also be granted if equitable tolling applies. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Pought does not contend that it does.

First, Pought wants to amend his petition to include a claim that he unknowingly entered into his plea agreement because his attorney assured him he would not get any more than 120 months. Pought attaches an affidavit attesting to his repeated conversations with counsel where he is reassured that, despite what the plea agreement says, he will not get more than 120 months.

This claim is untimely. Pought made no mention in his petition that his plea was unknowing because he was improperly advised of the Guidelines range he was facing. Pought did claim that his counsel was ineffective for not challenging the unspecified drug amount in his indictment. Pought claimed in his petition that had he known the indictment should have been dismissed because of the unspecified amount, he never would have pled guilty. That claim was meritless. *See supra* § III. Nothing about Pought's allegations relate to conversations he had with his counsel related to the plea agreement. The claim that his counsel guaranteed him a sentence of 120 months despite the explicit language of the plea agreement is wholly new and, accordingly, untimely.

But even if the amendment was not untimely, it would be futile. As previously explained, *supra* § III.B, any claim by Pought that his plea was unknowing or involuntary was vitiated by his participation in a valid plea colloquy. *See United States v. Sharp*, 442 F.3d 946, 950 (6th Cir. 2006) (holding that a colloquy that complies with Fed. R. Crim. P. 11 is sufficient to establish that the plea was entered into knowingly and voluntarily).

**B.**

Next, Pought appears to claim that his due process rights were violated because the Government prepared a Guidelines range calculation as part of the Rule 11 Plea Agreement and the calculation was identical to that prepared by the Court. This argument is a novel one but nevertheless meritless.

At the outset, because of the argument's novelty, it is time-barred. Pought made no allegations concerning the calculation of his sentence by the Government or the violation of his due process rights. All of Pought's initial claims related to the ineffectiveness of his counsel. Even looking at the substance of those claims, none of them relate to the calculation of his sentence by the Government. But the merits of Pought's claim will also be examined.

Pought contends, without substantiation, that the Rule 11 Guidelines calculation prepared by the Government was, in fact, a presentence investigation report. His only evidence supporting this claim is that the calculation done by the Government was identical to that done by the Court. Pought cites to 18 U.S.C. § 3552 in support of the proposition that the Government may not prepare "the USSG § in PSI reports and or, submitting such Reports to the Court as in a Plea Agreement or anytime before." Pet'r's Mot. Amend 18, ECF No. 56 (sic throughout). But nothing in 18 U.S.C. § 3552 contains such a prohibition. Importantly, 18 U.S.C. § 3552 makes clear that a presentence report may only be prepared by the Probation Department. A Guidelines worksheet prepared by the prosecutor is not a presentence investigation report. Thus, Pought's due process rights and equal protection rights were not, as he claims, violated by the Government properly calculating his Guidelines range. Rather, the Government should be encouraged to properly calculate defendants' likely Guidelines' ranges as a matter of good policy and fair dealing with criminal defendants. An accurate calculation helps the parties conduct fair plea negotiations and be fully informed about the sentence a defendant may face.

Pought essentially claims that he was sentenced as a career offender only because the Government calculated his range under the career offender Guidelines in the Rule 11 plea agreement. He is incorrect. Pought was sentenced as a career offender because he is a career offender as determined by the United States Sentencing Guidelines. Not for any other reason.

- 22 -

**C.**

Pought also wants to amend his petition to include a breach of contract claim. The substance of this claim is that the Government breached the plea agreement because it agreed to dismiss Count 2 of the indictment (the felon in possession count) but he was still given a firearm enhancement under the guidelines. This claim, timely or not,[8] is meritless. It has already been addressed in relation to Pought's motion for transcripts. *See supra* § V.B. It will not be entertained again here.

**D.**

Pought next supplies additional argument in support of his claim that his career offender enhancement was erroneous because it used two consolidated state court convictions. This argument, like his argument in his original petition, is meritless. The two convictions are properly scored as separate offenses and properly support a career offender determination. The additional information provided by Pought is timely because it relates back to one of his original claims. But, it is futile. *See supra* § IV.B.

**E.**

Lastly, Pought includes a section titled "Rule 11 Guilty Plea." Pet'r's Mot. Amend 22, ECF No. 56. In it Pought takes another pass through all of the theories he has already advanced in support of his claim that his sentence was improper: the Government's sentencing worksheet was actually a presentence investigation report; the Court simply accepted the Government's claim that Pought was a career offender; he did not knowingly and voluntary plead guilty; the Court could not establish that his plea was knowing and voluntary just on the basis of the plea

---

[8]   It is untimely because nothing in Pought's petition related to the enhancement of his sentence for committing a drug offense while in possession of a dangerous weapon.

colloquy. Some of these claims are untimely, some are not. They have all been addressed above. What unifies the claims is that they are all meritless.

Pought seems to claim that the Court accepted the Government's calculation of his Guidelines range because it accepted his guilty plea on the record. *See* March 22, 2012 Minute Entry: Plea Hearing. Pought is mistaken. While the Court accepted his guilty plea it still had an independent obligation to acquire a presentence report. 18 U.S.C. § 3552. The Probation Department conducted a presentence investigation and issued a presentence investigation report that included a Guidelines range based on relevant conduct by Pought. As already explained, just because the presentence investigation report and the Government's Guidelines worksheet reached the same conclusions concerning Pought's Guidelines range does not mean that the Court accepted the Government's conclusion that he is a career offender. And, again, this whole line of argument is predicated on Pought's misunderstanding of his own criminal history. The presentence investigation report was independently prepared by the Probation Department and it properly arrived at Pought's Guidelines range of 188 to 235 months' imprisonment. Pought also agreed to plead guilty to Count 1 of the indictment and his plea agreement contained a recommended Guidelines range of 188 to 235 months' imprisonment. The Court then conducted a valid plea colloquy and sentenced Pought to 188 months' imprisonment. Nothing Pought alleges demonstrates that any of that process violated his due process or equal protection rights.

Pought's motion to amend will be denied.

## VII.

Finally realizing his previous error in arguing that he was improperly sentenced as a career offender, Pought filed a "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2241." *See* Pet'r's Mot. § 2241, ECF No. 60. In this motion, Pought readjusts his focus on the two prior state

convictions that were actually included in the Government's notice of enhancement and addressed in the Report. Now trained on these two convictions Pought repeats many of the arguments he already made concerning his career offender status. He argues that drug offense 07-004790-FY was actually dismissed by the state court and that this also somehow resulted in it being consolidated with case number 08-031163-FH. According to Pought the state court also sentenced him concurrently for the two offenses. The upshot of all this, Pought argues, is that he is not a career offender and he needs to be resentenced. His motion is both improper and incorrect.

## A.

Preliminarily, Pought faces a procedural bar to the consideration of his motion. The proper avenue for a federal prisoner to challenge his conviction and sentence is 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Petitions under 28 U.S.C. § 2241 are "appropriate for claims challenging the execution or manner in which the sentence is served." *Id*. "However, a federal prisoner may also challenge the validity of his conviction or sentence under § 2241 if § 2255 is inadequate or ineffective to test the legality of his detention[.]" *Id*. (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Inadequacy of relief under § 2255 is determined by the "savings clause," which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The savings clause does not apply to situations where relief under § 2255 has already been denied or where relief under § 2255 is procedurally barred. *Charles v.*

*Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id*.

Pought does not make the requisite showing to move for relief under 28 U.S.C. § 2241. Pought recites conclusorily that "[his] 28 U.S.C. §2255 [petition] pending before the Court may be in adequate [sic] and ineffective means of challenging his detention." Pet'r's Mot. § 2241 5, ECF No. 60. This does not satisfy Pought's burden. Further, Pought already raised these claims in his § 2255 motion. The only difference in Pought's current motion is that he now focuses on the proper convictions in the notice of enhancement and upon which his career offender status is based. This fact does not mean § 2255 provides him inadequate relief. As the Sixth Circuit has noted, "The circumstances in which § 2255 is inadequate and ineffective are narrow[.]" *Peterman*, 249 F.3d at 461. Pought's claims do not fit within that narrow band. His § 2241 motion is improper and will be denied.

## B.

Even reaching the merits of Pought's claims would not provide him relief. Pought's argument is misguided because it now includes the erroneous information from the Government and Judge Binder's Report. It is not unreasonable that Pought attempts to address this phantom conviction and any confusion he may have concerning it is understandable. But it does not change the fact that his prior convictions were properly accounted for at sentencing and that he was appropriately categorized as a career offender. *See supra* § IV.C. Pought's motion will be denied.

## VIII.

Pought has twice moved for the appointment of counsel. *See* Pet'r's Mots. Appoint Counsel, ECF Nos. 57 & 61. In his first motion, Pought recites some of his substantive claims

and states that there have been a large amount of "lockdowns" at his prison facility, making it difficult to prosecute his case. In his second motion, he recites more of his substantive arguments but does not explain why counsel may be necessary.

Despite generally being brought in relation to an underlying criminal matter, a petition for a writ of habeas corpus is a civil action to which there is no right to appointment of counsel. *Barker v. State of Ohio*, 330 F.2d 594, 594 (6th Cir. 1964). "Indigent parties in civil cases have no constitutional right to a court-appointed attorney." *Snell v. Corr. Med. Servs., Inc.*, No. 08-CV-254, 2008 WL 956708, at *1 (W.D. Mich. Apr. 8, 2008) (citing *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995)). Counsel may be appointed for indigent parties in civil cases, but such an appointment is at the discretion of the Court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). An attorney will be appointed for indigent parties in a civil suit only when justified by exceptional circumstances. *Id.* "In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* (internal quotation marks and citations omitted).

Incarcerated individuals commonly appear pro se when prosecuting a petition for habeas corpus. Such a petition is not the type of civil matter where appointment of counsel is warranted absent special circumstances. Pought has demonstrated an ability to competently represent himself while pursuing his habeas petition. He has not demonstrated that his case contains a level of complexity that requires counsel be appointed for him. His motions will be denied.

## IX.

Finally, Pought has moved for the retroactive application of the new sentencing guidelines for crack cocaine offenses. *See* Pet'r's Mot. Reduction, ECF No. 58. He argues that

the revised drug table put into effect by Amendment 782 to the United States Sentencing Guidelines should result in a reduction of his sentence. *Id*.

### A.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even *sua sponte*, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

### B.

As noted repeatedly throughout this Order, Pought is a career offender under U.S.S.G. § 4B1.1. In 2010 Congress enacted the FSA, which substantially reduced the mandatory

minimums associated with crack cocaine offenders like Pought. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders. This was done twice. *See* U.S. Sentencing Guidelines Manual App'x C Amend. 75 (2011) and U.S. Sentencing Guidelines Manual Supp. to App. C Amend. 782 (2014).

Career offenders are not eligible for sentence reductions under Amendment 782, the most recent Guidelines reduction related to crack cocaine offenders. *See United States v. Steel*, 609 F. App'x 851, 856 (6th Cir. 2015) (holding that individual sentenced under career offender provision is not eligible for reduction under U.S.S.G. § 1B1.10). *See also United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("[L]ike the earlier crack cocaine amendments, Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1."). Because Pought's sentence was controlled by his career offender status, not the drug table calculation guidelines, he is ineligible for a reduction. His motion will be denied.

## X.

Before Pought may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district

court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255.

Having considered the matter, the Court concludes that Pought cannot make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted in this case. The Court will also deny Petitioner permission to proceed on appeal *in forma pauperis*. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24 (a).

## XI.

Accordingly, it is **ORDERED** the Report and Recommendation is **ADOPTED in part** and **REJECTED in part**.

It is further **ORDERED** that Petitioner Alonzo Pought's Objections, ECF No. 51, are **OVERRULED**.

It is further **ORDERED** that Petitioner Pought's Motion to Vacate Sentence under 28 U.S.C. § 2255, ECF No. 39, is **DENIED** and **DISMISSED with prejudice**.

It is further **ORDERED** that Petitioner Pought's Motion for Transcripts, ECF No. 55, is **DENIED**.

It is further **ORDERED** that Petitioner Pought's Motion to Amend, ECF No. 56, is **DENIED**.

It is further **ORDERED** that Petitioner Pought's Motion to Correct Sentence under 28 U.S.C. § 2241, ECF No. 60, is **DENIED**.

It is further **ORDERED** that Petitioner Pought's Motions to Appoint Counsel, ECF Nos. 57 & 61, are **DENIED**.

It is further **ORDERED** that Petitioner Pought's Motion for the Retroactive Application of Sentencing Guidelines under 18 U.S.C. § 3582, ECF No. 58, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: November 20, 2015                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 20, 2015.

                                            s/Michael A. Sian
                                            MICHAEL A. SIAN, Case Manager