UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                        Case No. 11-CR-20449

v.                                               Honorable Thomas L. Ludington

ALONZO DONTARIUM POUGHT,

                Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REQUEST FOR APPOINTMENT OF COUNSEL**

On March 23, 2012, Defendant Alonzo Dontarium Pought pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 31. He was sentenced to 188 months imprisonment. ECF No. 38. He is currently housed at the Oklahoma City Federal Transfer Center ("FTC Oklahoma City") in Oklahoma.

On December 15, 2020, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 86. However, due to mailing delays, the Motion was not docketed until January 11, 2021. The Government responded on January 19, 2021. ECF No. 87. As of the date of this Order, Defendant has not filed a reply brief. For the reasons set forth below, Defendant's Motion for Compassionate Release and accompanying request for appointment of counsel will be denied.

**I.**

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the

three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On June 25, 2020, Defendant sent a written request for compassionate release to Warden S. Young. ECF No. 87-2 at PageID.480. Defendant's only apparent basis for the request was his positive test for COVID-19. *Id.* His request was denied in writing on July 9, 2020. *Id.* at PageID.481. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant moves for compassionate release on his own behalf, § 1B1.13 is "inapplicable," and [u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling,

such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 984 F.3d at 520. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1.

guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

Defendant is a 43-year-old male who suffers from hypertension. ECF No. 86 at PageID.446. He is prescribed Lisinopril and reports taking it to manage his blood pressure. *Id.* He also reports taking magnesium oxide for muscle cramps and a Vitamin D supplement. *Id.* Defendant does not allege that he is receiving or has received inadequate medical treatment at FTC Oklahoma. Furthermore, Defendant previously tested positive for COVID-19 in June 2020 but does not indicate whether he experienced any symptoms from the disease. *Id.*

The CDC states that hypertension "might increase" the risk of severe illness from COVID-19.[2] *See People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions [https://perma.cc/RD3U-47JV] (last visited Feb. 19, 2021). Even so, "courts have [] found that a hypertension diagnosis alone is insufficient to show extraordinary and compelling circumstances, especially if the condition is well managed." *United States v. Santana*, No. 11-20177, 2021 WL 493384, at *3 (E.D. Mich. Feb. 10, 2021) (denying compassionate release to 55-year-old inmate with hypertension and who previously contracted COVID-19). Accordingly, even though FTC Oklahoma continues to experience a COVID-19 outbreak,[3] Defendant's hypertension alone does not constitute an extraordinary and compelling reason for release. *Cf. Elias*, 984 F.3d at 520–21 (holding that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak").

---

[2] In contrast, there is no indication that Defendant's muscle cramps or Vitamin D supplement are relevant.
[3] FTC Oklahoma is currently reporting eight active infections among inmates and 59 among staff. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/VY2Q-9UXX] (last visited Feb. 19, 2021).

Defendant also asserts that he was sentenced as a career offender because of Michigan marijuana convictions and that Michigan has "started expunging marijuana cases." ECF No. 86 at PageID.446. Defendant contends that "without the career offender status, [he] would have been home years ago." *Id.* Accepting Defendant's allegations as true, he provides no reason why his circumstance would constitute an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A).

Based on the foregoing, Defendant has not demonstrated an extraordinary and compelling reason for release. Consequently, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See Elias*, 984 F.3d at 519. Defendant's Motion for Compassionate Release will be denied.

## II.

Defendant's Motion for Compassionate Release was prepared on a form that includes a standardized request for the appointment of counsel. ECF No. 86 at PageID.447. While the form does not elaborate on the request, it is reasonable to infer that the request is related to the Motion for Compassionate Release. Accordingly, because Defendant's Motion for Compassionate Release will be denied, the accompanying request for the appointment of counsel will be denied as moot.

## III.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 86, is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that Defendant's request for the appointment of counsel is **DENIED AS MOOT**.

Dated: February 19, 2021                                              s/Thomas L. Ludington
                                                                     THOMAS L. LUDINGTON
                                                                     United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Alonzo Dontiarium Pought** #46088-039, OKLAHOMA CITY FEDERAL TRANSFER CENTER, Inmate Mail/Parcels, P.O. BOX 898801, OKLAHOMA CITY, OK 73189 by first class U.S. mail on February 19, 2021.

                                       s/Kelly Winslow
                                       KELLY WINSLOW, Case Manager